33015. BRANTLEY *v.* BALDWIN COUNTY.

DECIDED APRIL 28, 1950.

*Emory L. Rowland, J. D. Godfrey, Casey Thigpen,* for plaintiff.

*Marion Ennis,* for defendant.

FELTON, J. Code § 95-906 provides: "The ordinary or commissioners of roads and revenues may ascertain and determine the maximum load or weight that can, with safety, be transported over any bridge and its approaches other than those on State-aid roads, and to post on any such bridge a legible notice showing the maximum amount which has been so ascertained such bridge or its approaches can carry with safety. It shall be unlawful for any person to haul, drive, or otherwise bring on such bridge or its approaches any load or weight exceeding the rated capacity so ascertained and posted, and any person hauling, driving, or otherwise bringing on any such bridge or its approaches any load or weight exceeding the weighted capacity so ascertained and posted shall do so at his own risk, and the county shall not be liable for any damages to persons or property that may result therefrom." By necessary inference the petition alleged that the weight of the truck and its load caused

the collapse of the bridge. Under the express provision of the foregoing Code section the county is not liable for the injury here sued for. Irrespective of whether the county was negligent in not providing a bridge which would support the usual and ordinary traffic, the Code provides in effect that the operation of a vehicle over such a bridge, with the load limit properly posted, is such negligence as bars a recovery for any injury resulting. The section is a statutory application of the doctrine of the last-clear chance of avoiding injury. Code § 23-1502 provides: "A county is not liable to suit for any cause of action unless made so by statute." The act of 1922 (Ga. L. 1922, pp. 115, 116; Code, § 95-906), had the effect of modifying § 95-1001 to the extent that no one disobeying a load-limit sign on a bridge can recover for an injury caused by such disobedience. The contention that the provision for such load-limit signs is designed merely as a temporary precaution is not a far-fetched contention, and possibly should be the law, but there is not room for such a construction of the law. It provides for the posting of the load-limits without limitation or reservation. If any change is to be made it must be left to the law-making body. This court cannot correct a defect if in fact any exists.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*